IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS FERNANDEZ and GUADALUPE FERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK, N.A., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT   1:18-cv-03595 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME, LUIS FERNANDEZ and GUADALUPE FERNANDEZ, by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CITIBANK, N.A., as follows:

## NATURE OF THE ACTION

1. This is an action brought by consumers seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiffs' TCPA claims.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. LUIS FERNANDEZ and GUADALUPE FERNANDEZ ("Luis" individually, "Guadalupe" individually, "Plaintiffs" collectively) are natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5. Plaintiffs are "persons" as defined by 47 U.S.C. § 153(39).

6. CITIBANK, N.A. ("Citibank") provides commercial and consumer banking products and services. It offers checking accounts, savings accounts, certificates of deposit, and individual retirement accounts and rollovers; credit cards; lending products, such as home equity lines and loans, personal lines and loans, and mortgages; and investment products, which include insurance, annuities, advisory accounts, bonds, mutual funds, and securities backed lending; and financial education on wealth management. The company also provides business and small business banking products, cash management, treasury management, and merchant services. In addition, it provides online banking, mobile and tablet banking, online bank statements, online bill payments, debit card, and electronic transfers, as well as global client services and financial planning tools. Citibank, N.A. was formerly known as First National City Bank and changed its name to Citibank, N.A. in March 1976. The company was founded in 1812 and is based in Sioux Falls, South Dakota with locations and offices worldwide. Citibank, N.A. operates as a subsidiary of Citicorp.

7. Citibank is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. On or around November 1, 2005, Luis obtained a Citibank credit card ending in 4834 ("account ending in 4834").

9. On or around February 1, 2006, Guadalupe obtained a Citibank credit card ending in 5685 ("account ending in 5685").

10. On or around May 1, 2017, Luis obtained a Citibank credit card ending in 1495 ("account ending in 1495").

11. On or around May 1, 2017, Guadalupe obtained a Citibank credit card ending in 8131 ("account ending in 8131").

12. Upon information and belief, Luis provided Citibank with his cellular telephone number ending in 1492 at the time he applied for the accounts ending in 4834 and 1495.

13. Upon information and belief, Guadalupe provided Citibank with her cellular telephone number ending in 0838 at the time he applied for the accounts ending in 5685 and 8131.

14. At all times relevant, Luis was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1492.

15. At all times relevant, Guadalupe was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0838.

16. At all times relevant, Luis was financially responsible for his cellular telephone equipment and services.

17. At all times relevant, Guadalupe was financially responsible for her cellular telephone equipment and services.

18. Over time, Luis made various charges on the account ending in 4834, amassing a balance of $8,136.00.

19. Over time, Luis made various charges on the account ending in 1495, amassing a balance of $5,072.00.

20. Over time, Guadalupe made various charges on the account ending in 5685, amassing a balance of $9,371.00.

21. Over time, Guadalupe made various charges on the account ending in 8131, amassing a balance of $1,866.00.

22. Having suffered financial hardship, Plaintiffs defaulted. In response, Citibank initiated a relentless collection call campaign, calling Plaintiffs 2-to-3 times daily.

23. In November 2017, Luis answered and was received by obvious silence then audible clicking, before being connected to Citibank's representative.

24. Citibank's representative informed Luis they were seeking to collect payment; Luis demanded that Citibank stop calling.

25. Likewise, in November 2017, Guadalupe answered and was received by obvious silence then audible clicking, before being connected to Citibank's representative.

26. Citibank's representative informed Guadalupe they were seeking to collect payment; Guadalupe demanded that Citibank stop calling.

27. In fact, on December 19, 2017, Citibank sent Guadalupe written correspondence acknowledging demand that Citibank stop calling.

28. Notwithstanding, Plaintiffs' demands that they stop calling fell on deaf ears, as Citibank proceeded to place (or cause to place) no less than 90 unconsented-to calls to Plaintiffs.

29. Upon information and belief, Citibank placed or caused to be placed the aforementioned calls to Plaintiffs' cellular telephones using a predictive dialer[1].

---

[1] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

## **DAMAGES**

30. Citibank's collection calls have severely disrupted Plaintiffs' everyday life and overall well-being.

31. Citibank's collection calls have resulted in intrusion and occupation of Plaintiffs' cellular services, thus impeding receipt of other calls.

32. Citibank's collection calls have resulted in unnecessary depletion of Plaintiffs' cellular batteries requiring them to incur electricity charges to recharge their cellular telephones.

33. Citibank's telephone harassment campaign and illegal collection activities have caused Plaintiffs actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Plaintiffs' cellular telephone capacity, wasting Plaintiffs' time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge their cellular telephones as a result of increased usage of their telephone services.

34. Concerned about the violations of their rights and invasion of their privacy, Plaintiffs sought counsel to file this action to compel Citibank to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Citibank placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Plaintiffs' cellular telephone numbers ending in 1492 and 0838 utilizing an automatic telephone dialing system ("ATDS") without Plaintiffs' consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

37. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

38. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

39. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

40. Upon information and belief, based on the lack of prompt human response, Citibank employed a predictive dialer to place calls to Plaintiffs' cellular telephones.

41. Upon information and belief, the predictive dialer employed by Citibank transfers the call to a live representative once a human voice is detected, hence the clear pause.

42. As a result of Citibank's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiffs are entitled to receive $500.00 in damages for each such violation.

43. As a result of Citibank's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiffs are entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Plaintiffs request the following relief:

a. find that Citibank violated 47 U.S.C. §227 (b)(1)(A)(iii);

b. enjoin Citibank from placing calls to Fernandez pursuant to 47 U.S.C. § 227(3)(A);

c. award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

d. award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

e. award such other relief as this Court deems just and proper.

**Plaintiffs demand trial by jury.**

May 21, 2018                                     Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Luis Fernandez and Guadalupe Fernandez*